UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| DORIS W. GRAVLEE,  ]  | |
| ] | |
| Plaintiff,  ] | |
| ] | |
| vs.  ] | 7:08-cv-02228-LSC |
| ] | |
| MIDLAND CREDIT  ] | |
| MANAGEMENT, INC.,  ] | |
| et al.,  ] | |
| ] | |
| Defendants.  ] | |

CORRECTED MEMORANDUM OF OPINION[1]

I.  Introduction.

The Court has for consideration a motion to dismiss filed by Defendant Midland Credit Management, Inc. ("Midland") on December 22, 2008.  (Doc. 6.)  Plaintiff Doris W. Gravlee ("Gravlee") sued Midland for violating both the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (2008) ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681 (2008) ("FCRA").  Gravlee also brings state law claims of negligently, maliciously, wantonly, recklessly, and/or intentionally publishing false and defamatory information

---

[1] This opinion replaces the opinion entered on January 30, 2009.  (Doc. 20.)

regarding Gravlee; violating a duty to properly report information regarding Gravlee; invading Gravlee's privacy; attempting to collect debt; and reporting false information. (Doc. 1.) The issues raised in Midland's motion have been fully briefed by all parties and are now ripe for decision. Upon due consideration and for the reasons stated herein, the motion to dismiss will be denied as to all claims other than those state law claims premised on the same conduct as Gravlee's FCRA claims.

II.    Facts.[2]

In August 2008, Midland sued Gravlee in the Small Claims Court of Tuscaloosa County, Alabama. In that suit, Midland claimed that it was the owner of a certain debt allegedly owed by Gravlee. Gravlee disputed this assertion, and filed an Answer denying the allegations. Gravlee was eventually successful at trial. Nevertheless, Midland continued to report that Gravlee owed money and was in default. Gravlee sent a letter to

---

[2]For the purposes of this opinion, the facts are accepted as alleged in the complaint. Recitation of the facts alleged by the plaintiff in this opinion is not to be construed as a verification that the allegations are true.

Equifax, Experian, and Trans Union[3] requesting that they investigate the account.  Gravlee claims that the investigation conducted by these agencies was inadequate, resulting in false information showing a balance where none was owed to Midland.  Gravlee alleges that this error was more than a mere mistake, but resulted from a conscious practice of Midland and the named reporting agencies, designed to force consumers to pay balances they do not owe.

Gravlee filed suit in this Court on November 26, 2008.  She contends that the Defendants violated the FDCPA and FCRA through improper debt collection and reporting activities, and that this Court has supplemental jurisdiction over the associated state law claims of publishing false and defamatory information, violating a duty to properly report information, invasion of privacy, improper debt collection, and reporting false information.

III.   Motion to Dismiss.

   A.   Standard.

---

[3]Equifax, Experian, and Trans Union are also defendants in this action, but are not parties to this motion to dismiss.

Midland maintains that all of Gravlee's claims against it should be dismissed. A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations;" however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).[4] The plaintiff

---

[4]The Supreme Court in *Bell Atl. Corp. v. Twombly* abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" set forth in *Conley v. Gibson*. *See Bell Atl. Corp.*, 127 S. Ct. at 1968 (quoting *Conley*, 355 U.S. 41, 45-46 (1957)). The Supreme Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp.*, 127 S. Ct. at 1969.

must plead "enough facts to state a claim that is plausible on its face." *Id.* at 1974.

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). Furthermore, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citation omitted).

B.   Analysis.

1.  FDCPA claims.

Midland asserts that Gravlee has failed to allege any facts that would constitute a violation of the FDCPA. Instead, Midland maintains that the conduct alleged, even if true, consists of violations under the FCRA and not the FDCPA.

A plain reading of the complaint indicates that Gravlee has met its burden under *Twombly* by alleging that Midland violated the FDCPA in several respects. For instance, the FDCPA forbids, "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8). Furthermore, the FDCPA governs the false representation of "the character, amount, or legal status of any debt." *Id.* at § 1692e(2)(A). Gravlee alleges that Midland intentionally reported a disputed debt in order to collect monies to which it was not entitled. (Doc. 1, ¶¶ 41, 48, & 50.) Therefore, Midland's motion to dismiss the FDCPA claims is denied.

2.  FCRA claims.

Midland concedes that it is a "furnisher of information" under the FCRA, but maintains that no private right of action exists under 15 U.S.C. § 1681s-2(b) that would allow an individual to file suit under the FCRA. Congress established a civil enforcement mechanism for both willful and negligent noncompliance with the FCRA in 15 U.S.C. § 1681n and 1681o. Civil enforcement of 15 U.S.C. § 1681s-2(a) is expressly prohibited in 15 U.S.C. § 1681s-2(c)(1). No such limitation is placed on § 1681s-2(b). Under the canon of *expressio unius est exclusio alteriu*, the Court will read a statute that expressly mentions one thing to exclude others not so mentioned. In expressly removing a private right of action under § 1681s-2(a), it is evident that the unmentioned private right of action under § 1681s-2(b) remains. Case law supports this conclusion. While 15 U.S.C. § 1681s-2(a) does not provide a private right of action under the FCRA, it is well established that 15 U.S.C. § 1681s-2(b) does. *See Bosarge v. T-Mobile United States, Inc.*, 2008 U.S. Dist. LEXIS 20952 *9-10 (S.D. Ala. Mar. 17, 2008); *Green v. RBS Nat'l Bank*, 288 Fed. Appx. 641, 642 (11th Cir. 2008) ("The FCRA does provide a private right of action for a violation of §

1681s-2(b), but only if the furnisher received notice of the consumer's dispute from a consumer reporting agency.")

15 U.S.C. § 1681s-2(b) states,

(b) Duties of furnishers of information upon notice of dispute.
   (1) In general. After receiving notice pursuant to section 611(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
      (A) conduct an investigation with respect to the disputed information;
      (B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2);
      (C) report the results of the investigation to the consumer reporting agency;
      (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
      (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
         (i) modify that item of information;
         (ii) delete that item of information; or
         (iii) permanently block the reporting of that item of information.

Gravlee's complaint states that Midland was notified of the disputed debt by the three credit reporting agencies. (Doc. 1, ¶ 27.) Despite this notification, Gravlee alleges that Midland failed to properly investigate the disputed debt and continued to falsely report that the debt was owed

without noting its disputed nature and despite knowing the information was inaccurate. (Doc. 1, ¶ ¶ 29, 51, 54.) Therefore, Midland's motion to dismiss the FCRA claim is denied.

### 3. State Law Claims.

Midland maintains that Gravlee's state law claims are preempted by 15 U.S.C. § 1681h(e) and 15 U.S.C.S. § 1681t(b)(1)(F) of the FCRA. 15 U.S.C. § 1681h(e) states that no consumer "may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency . . . based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report[,] except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681t(b)(1)(F), however, seems to establish a broader level of preemption, providing that no requirement or prohibition may be imposed under the laws of any state "relating to the responsibilities of persons who furnish information to consumer reporting agencies." Obviously, there is an apparent conflict between these two provisions, as § 1681h(e) appears to

allow an action in the case of malice or willful intent, while § 1681t(b)(1)(F) appears to preclude suits altogether.  Much confusion has been created by this apparent conflict, and in the absence of guidance from circuit courts, the districts have devolved into three distinct lines of reasoning.

One school of thought holds that § 1681t(b)(1)(F) supercedes § 1681h entirely.  *See, e.g., Jaramillo v. Experian Info. Solutions, Inc.*, 155 F. Supp. 2d 356, 361-62 (E.D. Pa. 2001) (stating that "[a]ny other interpretation would fly in the face of the plain meaning of the statute").  The second school of thought holds that § 1681t(b)(1)(F) only applies after the furnisher of information has been provided notice of a disputed debt.  *See, e.g., Riley v. GMAC*, 226 F. Supp. 2d 1316, 1324 (S.D. Ala. 2002).  The third interpretation holds that § 1681h applies to common law tort claims and § 1681t(b)(1)(F) to state statutory claims, and that state law claims are not preempted provided that these claims allege malice or willful conduct.  *See, e.g., McCloud v. Homeside Lending*, 309 F. Supp. 2d 1335 (N.D. Ala. 2004).

This Court is only required to enter into this interpretive quagmire, however, if both  § 1681t(b)(1)(F) and § 1681h are applicable to the facts of the case.  In *Knudson v. Wachovia Bank, N.A.*, the court noted that § 1681h

(e) applies only to claims "based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report." 513 F. Supp. 2d 1255, 1259-60 (M.D. Ala. 2007). §§ 1681g and 1681h apply to consumer reporting agencies, not furnishers of information.  § 1681m addresses the duties of users of consumer reports that take adverse actions against the consumer on the basis of those reports.  Midland is a furnisher of information, not a reporting agency, and there is no allegation that Midland took adverse action against Gravlee based on consumer reports.

*Knudson* provides guidance in this area.  In *Knudson*, the plaintiff claimed that Wachovia Bank reported his account as past due, disregarding several dispute reports filed by the plaintiff. *Id*. at 1256.  Under this set of facts, one not unlike those of the instant case, the *Knudson* court found that "§ 1681h(e) is not applicable to the facts of this case and the liability limitation, and exceptions thereto, likewise are not applicable.  Because those provisions do not apply, the court finds no conflict to be resolved with the plain language of § 1681t(b)(1)(F)." *Id*. at 1260.  The court then

resolved Knudson's claims, writing, "Knudson has alleged that Wachovia has failed a duty to accurately report his account information, and refused to correct its reporting error, as the bases of his FCRA and state law claims. The violations of state law which he has alleged concern conduct which is regulated by §1681s-2.  Under the plain language of § 1681t(b)(1)(F), therefore, Knudson's state law claims are preempted." *Id*.

The facts of this case are very similar to those of *Knudson*.  Gravlee is alleging that Midland inaccurately reported that Gravlee's account was delinquent, despite notice from Gravlee that the account was disputed.  As in *Knudson*, these claims sit squarely within the preemption of § 1681t(b)(1)(F).  Therefore, to the extent Gravlee's state law claims arise from activity related to the reporting of credit information, those claims are preempted, and Midland's motion to dismiss is due to be granted as to those claims.

While state law claims are preempted to the extent they arise from the same activity underlying Gravlee's FCRA claims, Gravlee may press these claims if premised around activity not related to credit information reporting.

V. Conclusion.

For the reasons stated above, Midland's motion to dismiss will be denied as to all claims other than those state law claims premised on the same conduct as Gravlee's FCRA claims. A separate order will be entered.

Done this 6th day of February 2009.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE